LAW OFFICE OF ADRIENNE D. EDWARD, P.C.
155-03 Jamaica Avenue
Jamaica, New York 11432
(347) 997-3811
Attorney for Plaintiff, **Karim Salam**

---

**KARIM SALAM**

       **Plaintiff,**

      **-VS-**



**NYPD p/o Gabriel Cuevas,
and partner NYPD p/o Umar
Khitab NYPD Defendants of
City of New York Municipal
Entity**

        **Defendants.**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

**DOCKET NO.:1:19-cv-07195-MKB-ST**

**AMENDED COMPLAINT**

---

## MOTION TO AMEND THE PLEADINGS AND ADD NEW PARTIES

---

1

## PROCEDURAL HISTORY & STATEMENT OF FACTS

By Complaint dated December 20, 2019, Plaintiff commenced this action asserting a claim under 42 U.S.C. § 1983 against Defendants NYD p/o Gabriel Cuevas and partner NYPD p/o Umar Khitab NYPD Defendants of City of New York Municipal Entity for violation of his "First", "Fourth", "Fifth", and Fourth Amendment Rights.  In said Complaint, the Plaintiff claims that the Defendants, Umar Khitab and Gabriel Cuevas , while acting in their capacity as New York Police Department Officers, developed, implemented, enforced, encouraged and sanctioned a de-facto policy and/or custom with unlawful interfering with and/or surveillance of plaintiff, without reasonable suspicion or probable cause to engage with their own persons and subdue in pursuit to committing a Civil Rights Constitutional violation of police misconduct against the Plaintiff.

The Complaint alleges that the Plaintiff was stopped and frisked without incident that occurred on December 21, 2016, at or around 9:00p.m., Plaintiff was walking down Utica Avenue between Lincoln Place and St. John Place when he was stopped by New York City Police Officers. The Police Officers, who are named as Defendants in this case, were dressed in plain clothes. Defendant Cuevas and Defendant Khitab did not identify themselves as Police Officers when they stopped, detained and frisked the Plaintiff.  The Police Offices stopped and frisked the Plaintiff without any lawful basis for the stop. The Police searched his person, his front and back pockets, while asking the Plaintiff if he had any weapons on him. Plaintiff advised the Defendants that he did not have any weapons on him. Despite that fact, the Defendants still detained, stopped and frisked the Plaintiff.

Prior to the stop and frisk, the Defendants failed to identify themselves as Police Officers.  The Plaintiff asked the Defendants for their identification and the Defendants refused to present same. After they detained and searched the Plaintiff, the Plaintiff observed the Defendants enter a motor vehicle. The Plaintiff was able

8

to take down the license plate number for said vehicle. Plaintiff subsequently made a complaint with the Civilian Complaint Review Board for the police misconduct in connection with the Stop and Frisk.

On April 12, 2018, the Civilian Complaint Review Board sustained the allegations of police misconduct and recommended discipline for Police Officer Gabriel Cuevas. Attached as Exhibit "A" is a copy of the Civilian Complaint Review Board decision.

Despite the lack of any probable cause or an articulable suspicion that the Plaintiff was involved in criminal activity, the Police unlawfully stopped and frisked the Plaintiff. The Stop and Frisk did not result in the seizure of any illegal contraband.

As a result of the unlawful detention Stop and Frisk, the Plaintiff suffered and continues to suffer and experience Psychological Stress, Fear of Police and Police interaction, emotional pain and suffering. The Plaintiff was caused to suffer and continues to suffer mental anguish, humiliation, stress and anxiety as a result of the Stop and Frisk.

On August 7, 2020, the Court entered a Scheduling Order requiring the parties to file motions to join additional parties or amend the pleadings on or before October 15, 2020. (Presumptively 15 days post initial settlement conference). The initial settlement conference was scheduled for September 30, 2020. The Settlement Conference was adjourned and the new date is October 27, 2020.

On October 16, 2020, Plaintiff filed the instant motion for leave to amend his Complaint. On October 16, 2020, the Defendant's filed their Response to Plaintiff's Itemization of Damages.

### B. **Motions to Amend Pleadings**

Motions to amend pleadings are governed by Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a) (2); *see Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave [to amend] when justice so requires and such leave is in the court's discretion." (internal quotation omitted)); *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary"). Motions to add parties are governed by Fed. R. Civ. P. 21 and are afforded the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Addison v. Reitman Blacktop, Inc.*, 283 F.R.D. 74, 79 (E.D.N.Y. 2011); *see Amaya*, 285 F.R.D. at 253 ("There is little practical difference between Rule 15 and Rule 21 since they both leave the decision whether to permit or deny an amendment to the district court's discretion."). In general, a motion to amend should be granted unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 228 (1962)).

However, where a scheduling order is already in place governing the deadline for amending the pleadings, and such relief is being sought after the deadline has expired, the above principles must be balanced with the "good cause"

8

standard of Fed. R. Civ. P. 16.  *Holmes v. Grubman*, 568 F.3d 329, 334-35 (2d Cir.

2009); *see Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("We

now hold [ ] that despite the lenient standard of Rule 15(a), a district court does not

abuse its discretion in denying leave to amend the pleadings after the deadline set

in the scheduling order where the moving party has failed to establish good cause

[under Fed. R. Civ. P. 16(b)]."); *Charles v. City of N.Y.*, No. 11-cv-2783, 2015 WL

756886, at *2 (S.D.N.Y. Feb. 20, 2015) (applying the good cause standard of Fed. R.

Civ. P. 16 in determining whether joinder of parties was proper where such joinder

was sought after a deadline set forth in a scheduling order); *Nairobi Holdings Ltd.*

*v. Brown Bros. Harriman & Co.*, No. 02-cv-1230, 2006 WL 2242596, at *2 (S.D.N.Y.

Aug. 3, 2006) ("Rule 16(b) governs leave to amend after a scheduling order has

been entered in the case."). The movant bears the burden of establishing that good

cause justifying the extension exists. *See Parker*, 204 F.3d at 340; *Marska v. Kalicki*,

No. 06-cv-1237, 2010 WL 11606422, at *3 (E.D.N.Y. Mar. 26, 2010). In this case the

date to file the Motion was set for October 15, 2020 (date which should have

occurred 15 days post initial settlement conference). The settlement conference

was adjourned until October 27, 2020, therefore this Motion to join new parties or

amend the pleadings is considered timely filed.

### C. *Pro Se* Pleadings

It is well-established that pleadings by *pro se* plaintiffs, such as Karim

Salam, are held "to less stringent standards than formal pleadings drafted by

lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 176 (1980); *see also Erickson v.*

*Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations omitted)).  The Second Circuit has held that a court reviewing a *pro se* complaint must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 146 (2d Cir. 2002) (internal alterations omitted); *see also Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541 (E.D.N.Y. 1999) (holding that a court must "make reasonable allowances so that . . . *pro se* plaintiffs do not forfeit their rights by virtue of their lack of legal training"). However, the court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Ogunmokun v. Am. Educ. Servs.*, No. 12-cv-4403, 2014 WL 4724707, at *3 (E.D.N.Y. Sept. 23, 2014) (quoting *Molina v. New York*, 956 F. Supp. 257, 259 (E.D.N.Y. 1995)).

The leniency generally afforded to *pro se* litigants applies equally to procedural requirement such as those established by Fed. R. Civ. P. 16.  *See Case v. Clivilles*, No. 12-cv-8122, 2016 WL 5818577, at *3 (S.D.N.Y. Oct. 4, 2016). However, "[a] district court does not abuse its discretion by denying a *pro se* litigant's motion to amend if the *pro se* litigant cannot show good cause . . . , particularly if the *pro se* litigant's proposed amendment is futile . . . ." *Id.* (internal citations and quotation marks omitted).

8

In this case, Plaintiff, Karim Salam was a *Pro Se* litigant at the time he filed his Complaint on December 20, 2019. It is clear from a review of the Complaint that the Plaintiff named/ intended to include the City of New York as a Defendant in this case.  See complaint in its entirety, and more specifically page 16 at paragraphs 77 through 92. In addition, see page 23 of the Complaint – Caption where The City of New York is listed as a Defendant in the Addendum to the Complaint.

The Plaintiff is filing this motion join new parties and to amend the Complaint.  The Plaintiff is seeking to amend the caption as follows The City of New York, New York City Police Department, Police Officer Gabriel Cuevas (individually and in his official capacity) and Police Officer Umar Khitab (individually and in his official capacity).

8

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court exercise its

discretion to allow the Plaintiff to file an Amended Complaint in this matter.

Respectfully submitted,

*S/ Adrienne D. Edward*

ADRIENNE D. EDWARD
Attorney for Plaintiff,
Karim Salam

cc: Andrew Quinn, Esq. – The Quinn Law Firm
    Matthew Kelly Schiffer, Esq. – The Quinn Law Firm
    Steven J. Bushnell, Esq. – The Quinn Law Firm
    William T. Gosling, Esq. –New York City Law Department
    Karim Salam – Plaintiff
    File